# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COREY JOHNSON, | Case No.: 2:21-cv-01699-APG-VCF |
| Petitioner, | **Order Denying Petition for Writ of Habeas Corpus and Related Motions** |
| v. | [ECF Nos. 1-1, 3, 4, 7] |
| WARDEN CALVIN JOHNSON, et al., | |
| Respondents. | |

Petitioner Corey Johnson commenced this action under 28 U.S.C. § 2254 with an application to proceed in forma pauperis,[1] an amended application to proceed in forma pauperis,[2] and a petition for a writ of habeas corpus.[3] Johnson is unable to pay the filing fee, and I grant the applications to proceed in forma pauperis. But the petition is without merit on its face.[4] Johnson also filed a motion to extend prison copywork limit[5] and a petition for expeditious judicial review.[6] These motions are moot because I am denying the petition.

## I.    Background

Johnson is in custody based on three judgments of conviction in the state district court. On March 31, 2017, he was paroled from all three sentences, with expiration dates of November 30, 2019 for two sentences and December 1, 2019 for the third sentence.[7] Johnson absconded

---

[1] ECF No. 1.

[2] ECF No. 4.

[3] ECF No. 1-1.

[4] *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[5] ECF No. 3.

[6] ECF No. 7.

[7] ECF No. 1-1 at 12.

from that parole.[8]  He was arrested on April 14, 2019,[9] and on June 25, 2019 he had a parole-revocation hearing.  The parole board reinstated parole pending supervised release on October 1, 2019.[10]  Meanwhile, Johnson was held at Casa Grande Transitional Housing, a facility of the Nevada Department of Corrections.

On August 22, 2019, Johnson left Casa Grande Transitional Housing and did not return.[11] He was arrested on April 16, 2020[12] and was transferred from the Clark County Detention Center to the High Desert State Prison (HDSP).[13]  He was given notices of a preliminary hearing inquiry regarding the revocation of his parole, which was held on May 21, 2020.[14]  The hearing officer found probable cause to continue Johnson's detention.[15]  On July 7, 2020, the parole-revocation hearing was held, and the parole board revoked Johnson's parole until his sentences expired because he "absconded supervision for more than 60 days and walked away from [the] halfway house."[16]  The parole board restored all forfeited credits toward Johnson's sentence.[17]

Johnson unsuccessfully pursued habeas corpus petitions in the state courts.[18]  He filed an earlier federal habeas corpus petition in this court.[19]  The petition was dismissed because

---

[8] ECF No. 1-1 at 12-13.

[9] ECF No. 1-1 at 13.

[10] *Id.*

[11] *Id.*

[12] ECF No. 1-1 at 3.

[13] ECF No. 1-1 at 5.

[14] ECF No. 1-1 at 27-29.

[15] ECF No. 1-1 at 24-25.

[16] ECF No. 1-1 at 36.

[17] *Id.*

[18] ECF No. 1-1 at 12-23.

[19] *Johnson v. Johnson*, Case No. 2:21-cv-00219-GMN-BNW.

1  Johnson's state habeas corpus petitions were pending, and thus he had not yet exhausted his

2  remedies.[20]  Those proceedings now have concluded

3      Johnson's current habeas corpus petition has five grounds for relief, but Johnson has not

4  numbered them.  I will enumerate the grounds based on the order presented.

5  **II.    Analysis**

6      In ground [1],[21] Johnson alleges that the Nevada Department of Corrections refuses to

7  obey the order of the parole board regarding the restoration of forfeited credits.  He further

8  alleges that the Nevada Department of Corrections has given him no credit for the time between

9  August 22, 2019 and April 16, 2020, stating that this was the time that Johnson had absconded

10  from parole and thus was not entitled to credits.  Johnson alleges that the parole board violated

11  Nev. Rev. Stat. §§ 213.1518 and 213.15185, because the parole board neither stated the time that

12  Johnson had absconded nor deemed him an escaped prisoner.

13      Section 213.1518 governs the procedure for forfeiture of credits for good behavior

14  resulting from a parole violation.  It states that a parolee who leaves the state without the

15  permission of the parole board or who does not keep the parole board informed of his location is

16  deemed an escaped prisoner and must be arrested as such; it also governs the procedure for

17  forfeiture of credits for good behavior due to such an escape.  Both sections give the parole board

18  discretion to restore forfeited credits.  The parole board stated that Johnson had absconded from

19  parole for more than 60 days.[22]

20

21

22

---

[20] *See* 28 U.S.C. § 2254(b).

23  [21] ECF No. 1-1 at 3.

[22] ECF No. 1-1 at 36.

1    Johnson's credits have been restored.  He attached part of a sentence computation sheet

2 to his petition, but it is missing a page.[23]  I thus turn to the part of the sentence computation sheet

3 that he had attached to his petition in *Johnson v. Johnson*.[24]  That sheet has four adjust codes.

4 "FLAT" is the time Johnson has spent in prison or on parole.  "STAT" are the credits Johnson

5 has earned for good behavior.[25]  "WORK" are the credits Johnson has earned for diligence in

6 labor and study.[26]  I do not know what "FISCAL" means but that category is not relevant to

7 Johnson's claims.  For two spans of time (July 11, 2017 through April 13, 2019 and August 22,

8 2019 through April 20, 2020) Johnson's sentence was not adjusted under any category.  These

9 periods are when Johnson absconded from parole.  For all other times on the computation sheet

10 during which Johnson was in prison or under parole supervision, his sentence was adjusted for

11 flat time, good-time credits that he had earned, and occasional work and fiscal credit.  The

12 sentence computation sheet shows no forfeitures.

13    The change in Johnson's projected expiration date is due to his absconding from parole.

14 Johnson alleges that originally his expiration date was February 12, 2022, and now it is October

15 24, 2022.[27]  He argues this must be the result of the Nevada Department of Corrections forfeiting

16 credits despite the order of the parole board.  For the parole board to restore credits that Johnson

17 forfeited, Johnson needed to earn those credits first.  He did not.  His absconding from parole

18 stopped his sentence from running.  Once Johnson was arrested on April 16, 2020, the sentence

19

20

---

21 [23] ECF No. 1-1 at 30.

22 [24] Case No. 2:21-cv-00219-GMN-BNW, ECF No. 1-1 at 27-31.

[25] Nev. Rev. Stat. § 209.4465(1).

23 [26] Nev. Rev. Stat. § 209.4465(2).

[27] ECF No. 1-1 at 3.

1  resumed from the point when he absconded on August 22, 2019.[28]  While Johnson was

2  absconding he was not earning good-time credits because he was not actually incarcerated, in

3  residential confinement, or under the supervision of the Nevada Division of Parole and

4  Probation. Nev. Rev. Stat. § 209.4465(1).  Johnson's projected expiration date of his sentence

5  moved out eight months because he had absconded for eight months.  He did not forfeit credits

6  because he had not earned them.

7        To the extent Johnson claims the parole board did not make findings required by Nev.

8  Rev. Stat. §§ 213.1518 and 213.15185, he is claiming the parole board violated state law.  Errors

9  of state law are not addressable in federal habeas corpus.[29]  Additionally, with respect to an

10  absconder from parole being deemed an escaped prisoner, nothing in § 213.15185(1) requires the

11  parole board to make affirmative findings.  Instead, the statute defines an absconder as an

12  escapee for the purposes of the escape statutes.[30]

13        In ground [2],[31] Johnson alleges he was arrested on April 16, 2020.  He was transferred to

14  HDSP on April 21, 2020, where his preliminary inquiry hearing occurred on May 21, 2020.

15  Johnson alleges that his transfer to HDSP before the preliminary inquiry hearing violates Nev.

16  Rev. Stat. § 213.1511.  Constitutional due process requires only that a preliminary inquiry

17  hearing occur at a location at or reasonably near the place of his arrest.[32]  Johnson was arrested in

18  Las Vegas and HDSP is reasonably close to Las Vegas.  And Johnson's claim that under Nev.

19

20

21  [28] Nev. Rev. Stat. §§ 212.080, 213.15185(4).

   [29] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

22  [30] *See* Nev. Rev. Stat. § 212.030 et seq.

23  [31] ECF No. 1-1 at 5.

   [32] *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

Rev. Stat. § 213.1511 he must have the preliminary inquiry hearing before being transferred to prison is a claim of a violation of state law, which is not addressable in federal habeas corpus.[33]

In ground [3],[34] Johnson alleges that he was not given advance notice of the preliminary inquiry hearing.[35]  Contrary to those allegations, Johnson received and acknowledged receipt of the notice of the preliminary inquiry hearing.[36]  Johnson's other allegations in ground [3] are non-addressable claims of violations of state law.[37]

In ground [4],[38] Johnson alleges errors in the state post-conviction proceedings.  These errors are not addressable in federal habeas corpus.[39]

In ground [5],[40] Johnson alleges that he was not given advance notice of the preliminary inquiry hearing.  This part of ground [5] is redundant to ground [3].  Johnson also alleges that this prejudiced him.  First, Johnson argues that he never signed any documents agreeing to the conditions of parole, so he never actually was released on parole, and thus he never should have had the non-existent parole revoked.  Second, Johnson argues that his counsel at the revocation hearing (not the preliminary inquiry hearing) encouraged Johnson to admit to absconding, in hope of reinstatement of parole.  Instead, the parole board revoked Johnson's parole.

---

[33] *Harris*, 465 U.S. at 41.

[34] ECF No. 1-1 at 7.

[35] *See Morrissey*, 408 U.S. at 487 (due process requires advance notice of preliminary inquiry hearing).

[36] ECF No. 1-1 at 27-29.

[37] *Harris*, 465 U.S. at 41.

[38] ECF No. 1-1 at 9.

[39] *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

[40] ECF No. 1-1 at 10.

1    Johnson has not demonstrated any prejudice.  He was not in some legal "No Man's Land"

2  in which his sentence still ran while he was not incarcerated or under parole supervision.

3  Johnson was either on parole or he was a prisoner; in the end, it makes no difference for the

4  computation of his sentence.  If he was on parole on August 22, 2019, then he absconded from

5  parole and later the parole board revoked his parole until his sentences expire.  On the other

6  hand, if he was not on parole on August 22, 2019, then he escaped from prison and after his

7  arrest the parole board denied parole until his sentences expire.  Either way, Johnson's sentence

8  did not run when he was on the run, and he stays in prison until his sentences expire.

9    Reasonable jurists would not find debatable or wrong my determination that Johnson's

10 petition is without merit.  I will not issue a certificate of appealability.[41]

11   I THEREFORE ORDER that the application to proceed in forma pauperis **(ECF No. 1)**

12 and the amended application to proceed in forma pauperis **(ECF No. 4) are GRANTED**.

13 Johnson need not pay the filing fee.

14   I FURTHER ORDER the clerk of the court to file the petition for a writ of habeas corpus.

15   I FURTHER ORDER that the motion to extend prison copywork limit **(ECF No. 3) is**

16 **DENIED** as moot.

17   I FURTHER ORDER that the petition for expeditious judicial review **(ECF No. 7) is**

18 **DENIED** as moot.

19   I FURTHER ORDER that the petition for a writ of habeas corpus is **DENIED**.  The clerk

20 of the court shall enter judgment accordingly and close this action.

21 / / / /

22 / / / /

23

---

[41] 28 U.S.C. § 2253(c). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I FURTHER ORDER that a certificate of appealability will not issue.

DATED this 8th day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE